## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MELISSA NICHOLAS,    CASE NO.: 23-CV- 1818

    Plaintiff,

vs.

NATIONAL CREDIT SYSTEMS, INC.
EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES LLC
AND TRANSUNION, LLC

    Defendant.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Melissa Nicholas (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, National Credit Systems, hereinafter ("NCS"), Experian Information Solutions, Inc. (hereinafter "Defendant Experian"), and TransUnion, LLC (hereinafter "Defendant TransUnion"), Equifax Information Services, LLC (hereinafter, "Equifax"), (collectively the "Defendants") in support thereof, respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

Page **1** of **13**

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3. Defendants have violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on her credit report.

4. Plaintiff brings claims for her actual and punitive damages against Defendants for their inaccurate reporting and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

## JURISDICTION AND VENUE

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person and resident of the State of Florida, residing in Pinellas County, Florida.

8. Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1681a(c).

9. National Credit Systems, itself and through its affiliates, regularly attempts to collect debts, including but not limited to, alleged balances due from Plaintiff on a terminated lease.

10. At all material times herein, National Credit Systems is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

11. Defendant Experian is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

12. Defendant Equifax is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

13. Defendant TransUnion is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

## GENERAL ALLEGATIONS

14. At all material times herein, NCS furnished information concerning the Account to Experian, Equifax, and/or TransUnion in a knowing attempt to extract and collect payment from Plaintiff on the Account.[1]

---

[1] *See Arianas v. LVNV Funding*, 2015 WL 404238, Case No. 8:14-cv-01531-T-27-EAJ (M.D. Fla. Jan. 8, 2015) (noting that while furnishing information to a consumer credit bureau *alone* cannot constitute an attempt to collect a debt in violation of the FCCPA as such violation is preempted by the FCRA, a creditor that "knowingly [attempts] to enforce payment on accounts" by reporting the debt to a consumer reporting agency *can* engage in unlawful debt collection in violation of the FCCPA—not preempted by the FCRA—even without any additional collection attempts)

15. NCS furnishes, reports, publishes, and verifies via investigation specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the alleged debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

16. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

17. At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

---

(emphasis added); *see also Best v. Bluegreen Corporation*, 2014 WL 6883083, Case No. 14-80929-CIV (S.D. Fla. Dec. 4, 2014); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); and *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

18. At all material times herein, TransUnion is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

19. Where appropriate herein, Experian, Equifax, and TransUnion are sometimes collectively referred as the "Credit Reporting Agencies" or the "CRAs."

20. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

## FACTUAL ALLEGATIONS

22. Plaintiff entered into an apartment lease with the Palms at Ashley Oaks Apartments ("Ashley Oaks") in 2018.

23. Months later Plaintiff discovered the apartment was riddled with mold, which could be hazardous to Plaintiff's health.

24. Plaintiff notified Ashley Oaks of the mold and Ashley Oaks agreed to terminate Plaintiff's lease without any penalties or charges.

25. Plaintiff later discovered the account on her credit reports and contacted NCS to notify them of the dispute.

26. On August 12, 2021, Plaintiff sent dispute letters to each of the three credit reporting agencies, Equifax, Experian, and Trans Union (the "First Dispute Letter") via mail disputing the erroneous reporting by NCS. Plaintiff specifically requested the CRAs remove the tradeline. True and correct copies of the letters are attached hereto as Composite Exhibit A.

27. Equifax, Experian, and Trans Union communicated Plaintiff's First Dispute Letter to NCS.

28. Equifax, Experian, and Trans Union responded to Plaintiff that it had verified the debt.

29. On or about April 13, 2023, Plaintiff requested credit reports from all three major credit reporting agencies (Transunion, Equifax, and Experian). Each credit reporting agency individually showed that Plaintiff's owed $1,975.00 on the account, with a last payment of December 2020 and in collection.

30. On April 26, 2023, Plaintiff through legal counsel sent a debt validation request directly to NCS.

31. NCS never responded to the debt validation request.

32. On or about May 25, 2023, Plaintiff sent dispute letters to each of the three credit reporting agencies, Equifax, Experian, and Trans Union (the "Second

Dispute Letter") via certified mail disputing the erroneous reporting by NCS. Each letter included Plaintiff's driver's license number, Plaintiff's social security number, and Plaintiff's date of birth. Plaintiff specifically requested the CRAs remove the tradeline. True and correct copies of the letters are attached hereto as Composite Exhibit B.

33. Experian, Equifax and TransUnion communicated Plaintiff's Second Dispute Letter to NCS.

34. On June 7, 2023, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (hereinafter "CFPB Complaint"). Plaintiff's CFPB Complaint complained of NCS's credit reporting of the waived Debt.

35. On June 12, 2023, Equifax sent Plaintiff a letter in response to her Second Dispute Letter and deleted the NCS account.

36. On June 30, 2023, TransUnion sent Plaintiff a letter in response to her Second Dispute Letter (hereinafter, "TransUnion's Response") indicating that the debt was "VERIFIED AS ACCURATE AND UPDATED" regarding the NCS account, however, NCS still reported the account as in collection with an amount due of $1,975.00.

37. On August 7, 2023, Experian sent Plaintiff a letter in response to her Second Dispute Letter (hereinafter, "Experian's Response") verifying the debt and

reported the account in collections with a past due amount of $1,975.00. Experian did not report or note Plaintiff's dispute.

38.  As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Monies lost by attempting to fix her credit;

    b. Loss of time attempting to cure the errors;

    c. Mental anguish, stress, aggravation, embarrassment, and the other related impairments to the enjoyment of life;

    d. Inability to apply for any credit;

    e. Denials of credit accounts; and

    f. Reduction in credit score.

39.  All conditions precedent to the filing of this action have occurred.

## COUNT I
## VIOLATION OF FCRA 1681S-2(B)(1)(A) AND (B)
## NATIONAL CREDIT SYSTEMS

Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein

40.  On at least one occasion within the past year, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes. As a result of this conduct, action, and

inaction of the CRAs Plaintiff suffered damage by loss of credit and the loss of the ability to purchase and benefit from credit.

41. On one or more occasions within the past two years, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

42. As a result of 's violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, other mental and emotional distress and loss of ability to obtain credit.

43. NCS's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover attorney's fees and costs from in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NCS, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further

violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FCRA 15 U.S.C § 1681e(B)
## EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC AND TRANSUNION, LLC

Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

45. Experian, Equifax and Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparing of the credit report and credit files it published and maintains concerning Plaintiff.

46. As a result of this conduct, action, and inaction of Experian, Equifax and Transunion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

47. Experian's, Equifax's and Transunion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48. Experian, Equifax and Transunion failed to properly conduct any independent investigation regarding the erroneous reporting.

49. Plaintiff is entitled to recover attorney's fees and costs from Experian and Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants, Experian, Equifax and Transunion for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE FCRA 15 U.S.C § 1681i
## EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC AND TRANSUNION, LLC

Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

50. Experian, Equifax and Transunion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

51. As a result of this conduct, action, and inaction of Experian, Equifax and Transunion, Plaintiff suffered damage by loss of credit, loss of the ability to

purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52. Experian's, Equifax's and Transunion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover attorney's fees and costs from Experian and Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants, Experian, Equifax and Transunion for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff